UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL DURON, JR. an individual; and MIGGY'S TRUCKING DELIVERY SERVICE LLC, a dissolved limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, an active California corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | No. 2:22-cv-01195-JAM-KJN<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND** |

The matter is before the Court on Plaintiffs' motion to remand for lack of subject matter jurisdiction. See Mot. to Remand ("Mot."), ECF No. 12. Defendant Nationwide Mutual Insurance Company opposes the motion. See Opp'n, ECF No. 13. Plaintiffs replied. See Reply, ECF No. 14. For the reasons set forth below, the Court DENIES Plaintiffs' motion to remand.[1]

---

[1] This motion was deemed suitable for decision without oral argument under E.D. Cal. L.R. 230(g). The hearing was scheduled for June 27, 2023.

1

I.  BACKGROUND

Plaintiffs Miguel Angel Duron, Jr. ("Duron") and Miggy's Trucking Service LLC ("Miggy's") sued Defendant Nationwide Mutual Insurance Company ("Nationwide") in San Joaquin County Superior Court on April 1, 2022.  See Notice of Removal ("Notice"), Exh. A "Complaint," ECF No. 1-1.  On June 22, 2022, Plaintiffs served Defendant an amended statement of damages, disclosing for the first time that they sought more than $75,000 in damages.  Notice, Exh. B "Pls.' Amended Statement of Damages," ECF No. 1-2.  Defendant then timely removed this action to federal court on June 8, 2022.  Notice at 6.  Plaintiffs now move to remand the case for lack of subject matter jurisdiction.

II.  OPINION

A.  Legal Standard

A district court must remand a case if it appears before judgment that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure.  Id.  Removal statutes are to be construed narrowly to limit removal jurisdiction.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).

District courts have original jurisdiction over all civil cases where the amount in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a).  The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal.  Valdez v. Allstate Ins.

2

Co., 372 F.3d 1115, 1117 (9th Cir. 2004).  When a court doubts the removability of a case, such doubts shall be resolved in favor of remanding the case to state court.  Mantheon v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

B.   Discussion

The parties do not dispute that the amount in controversy in this case exceeds $75,000.  Pls.' Amended Statement of Damages at 2 (claiming $1,000,000 in damages).  The parties also do not dispute diversity.  According to Plaintiffs' complaint, Duron is a citizen and resident of California and Miggy's is a dissolved limited liability company whose principal place of business was in California, giving it California citizenship.  Compl. ¶¶ 1-2; Jack v. Ring LLC, 553 F. Supp. 3d 711, 715 (N.D. Cal 2021) (holding that the citizenship of a limited liability company "is based on its principal place of business").  Plaintiffs also admit that Defendant "NATIONWIDE is an Ohio corporation," making it diverse from both plaintiffs.  Mot. at 8.  Under these undisputed facts, diversity jurisdiction appears satisfied.

Plaintiffs contend, however, that diversity is destroyed, because Defendant Nationwide "has purposefully availed itself of the privilege of conducting business in California and has sufficient minimum contacts within the State of California such that the superior court may exercise personal jurisdiction over it."  Id. at 9-10.  Plaintiffs' argument conflates subject matter jurisdiction with personal jurisdiction, an approach that is neither novel nor persuasive.  See Satmarean v. Philips Consumer Luminaries, NA, No. 13-CV-02778-YGR, 2013 WL 5425339, at *1 (N.D.

Cal. Sept. 27, 2013)(declining "to expand the minimum contacts doctrine into a means of disregarding [the] citizenship of parties for the purposes of challenging diversity jurisdiction."); Zamarippa v. Am.'s Servicing Co., No. CV1107129SJOJEMX, 2011 WL 13221033, at *2 n. 2 (C.D. Cal. Sept. 27, 2011) (rejecting as "erroneous" an argument "that Wells Fargo has sufficient minimum contacts in California as to be subject to the Court's jurisdiction" because plaintiff confused "personal jurisdiction with a determination of citizenship for the purpose of subject matter jurisdiction.").

    Plaintiffs' argument fails because personal jurisdiction and subject matter jurisdiction are fundamentally distinct concepts. Personal jurisdiction recognizes and protects an individual liberty interest under the Due Process Clause of the Constitution. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) ("The Due Process Clause of the Fourteenth Amendment limits the power of a state court to render a valid personal judgment against a nonresident defendant."). Personal jurisdiction therefore restricts judicial power from unjustified encroachment on individual liberty, such that a person without "minimum contacts" with a forum cannot be bound by that forum's courts. Id. This is why the test for personal jurisdiction includes the requirement that "maintenance of the suit not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal citations omitted).

///

///

Subject matter jurisdiction, on the other hand, concerns not the rights of individuals but the very power of federal courts to hear a case. As the Supreme Court explains, subject matter jurisdiction "is an Art. III as well as a statutory requirement; it functions as a restriction on federal power and contributes to the characterization of the federal sovereign. Certain legal consequences directly follow from this." <u>Ins. Corp. of Ir. V. Compagnie Des Bauxites De Guinee</u>, 456 U.S. 694, 702 (1982). The most significant consequence for the Court's analysis is that "no action of the parties can confer subject-matter jurisdiction upon a federal court." <u>Id.</u> Parties cannot consent to subject matter jurisdiction, and they cannot waive its requirement by failing to challenge jurisdiction in an early proceeding. <u>Id.</u>

A party cannot destroy subject matter jurisdiction where it exists by "avail[ing]" themselves of business opportunities within the forum state as Plaintiffs suggest. Mot. at 9. Personal jurisdiction and subject matter jurisdiction are separate doctrines, and the Court declines today to upend long-settled principles by collapsing the two together. Whether Defendant Nationwide has maintained minimum contacts within the State of California is therefore irrelevant to the Court's subject matter jurisdiction analysis.

There being no relevant arguments, the Court returns to the undisputed facts. Considering the diverse citizenship of parties and the amount in controversy, which exceeds $75,000, the Court finds that the requirements for diversity jurisdiction are satisfied. There being subject matter jurisdiction in this case, the Court declines to remand this action to state court. The

5

Court further denies Plaintiffs' request for an award of attorney's fees and costs incurred by the removal, because such an award is only available when removal is improper.

### III. ORDER

For the reasons set forth above, the Court DENIES Plaintiffs' Motion to Remand and Request for Attorney's Fees.

IT IS SO ORDERED

Dated: August 10, 2023

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE