1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  MIGUEL ANGEL DURON, JR., an              No.  2:22-cv-01195-JAM-CSK
    individual; and MIGGY'S TRUCKING
12  DELIVERY SERVICE LLC, a dissolved
    limited liability company,
13
                    Plaintiffs,             ORDER GRANTING DEFENDANT'S
14                                          MOTION FOR SUMMARY JUDGMENT
           v.
15
    NATIONWIDE MUTUAL INSURANCE
16  COMPANY, an active California
    corporation and DOES 1 through
17  20, inclusive,

18                  Defendants.

19

20       Before the Court is Nationwide Mutual Insurance Company's

21  ("Defendant" or "Nationwide") motion for summary judgment.  See

22  Mot., ECF No. 43.  Miguel Angel Duron, Jr. and Miggy's Trucking

23  Delivery Service LLC ("Miggy's Trucking") (collectively,

24  "Plaintiffs") opposed.  See Opp'n, ECF No. 44.  Defendant

25  replied.  See Reply, ECF No. 46.  Plaintiffs bring five causes of

26  action against Defendant: (1) professional negligence, (2) breach

27  of fiduciary duty, (3) constructive fraud, (4) breach of implied

28  covenant of good faith & fair dealing, and (5) intentional

                                1

1  infliction of emotional distress.  Defendant moves for summary

2  judgement on each of these claims on the basis that no causation

3  exists.  For the following reasons, Defendant's motion is

4  granted.[1]

5                       I.   FACTUAL BACKGROUND

6       The following facts are not in dispute.  Plaintiff Angel

7  Duron Jr. owned and operated Miggy's Trucking Delivery Service

8  LLC, a delivery company based in Stockton, California.  <u>See</u>

9  Complaint at ¶ 2, Notice of Removal Ex. A, ECF No. 1.  Under

10  California law, trucking companies are required to maintain a

11  Motor Carrier Permit ("MCP") from the California Department of

12  Motor Vehicles ("DMV") to operate validly.  To obtain an MCP, the

13  DMV requires commercial trucking companies to have proof of valid

14  and active insurance or a surety bond.  <u>See</u> Cal. Veh. Code

15  § 34630(a).  If the underlying insurance lapses or is terminated,

16  the associated MCP is "suspend[ed] . . . effective on the date of

17  lapse or termination unless the carrier provides evidence of

18  valid insurance."  <u>See</u> Cal. Veh. Code § 34630(c).  If the MCP is

19  suspended due to a lapse in coverage, the trucking company must

20  pay a reinstatement fee of $150 to have their permit reinstated.

21  <u>Id.</u>; Cal. Veh. Code § 34623.5.

22       Miggy's Trucking maintained a liability insurance policy

23  with Nationwide between April 3, 2018 and May 10, 2018.  <u>See</u>

24  Jaffe Decl., Ex. A ("Duron Depo. Trans."), Ex. 15 (2018

25  Nationwide Insurance Application).  Upon termination of that

26

27  [1]This motion was determined to be suitable for decision without
   oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28  for April 8, 2025.

1   policy, Miggy's Trucking obtained new and separate insurance

2   through Infinity Select Insurance Company from May 4, 2018 to May

3   4, 2020.  See Jaffe Decl., Ex. D, Anderson Decl. at ¶¶ 11-12.  On

4   May 4, 2020, Miggy's Trucking ceased its coverage with Infinity

5   Select Insurance and obtained a new policy through Nationwide

6   with an effective date of May 15, 2020.  See Duron Depo. Trans.,

7   Exs. 25, 26.  The May 15, 2020 Nationwide policy is the primary

8   subject of this litigation.

9       Due to the lapse in coverage between May 4, 2020 and May 15,

10  2020, the DMV gave written notice that Miggy's Trucking's MCP was

11  suspended as of May 4, 2020.  See Jaffe Decl., Ex. D, Anderson

12  Decl., Ex. 1 at DMV_PROD_0056 and DMV_PROD_0057.  Plaintiffs do

13  not allege and no party presents any evidence that Plaintiffs

14  paid the $150 reinstatement fee.  On multiple occasions,

15  including September 17, 2020 and April 7, 2021, Miggy's

16  Trucking's drivers were cited by the California Highway Patrol

17  for operating without a valid MCP.  See Complaint at ¶¶ 14-18,

18  Notice of Removal Exs. A-B, ECF No. 1; Plaintiff's Separate

19  Statement of Disputed Facts No. 17; Mot. at 4; Opp'n at 3.

20      The DMV did not reissue a new MCP to Miggy's Trucking until

21  August 13, 2021, and this August 13, 2021 MCP remained valid

22  until February 28, 2022.  See Opp'n at 4; Complaint at ¶ 22,

23  Notice of Removal Ex. E, ECF No. 1.  Plaintiffs allege that their

24  lack of a valid MCP resulted in a string of events that caused

25  them to lose a trucking contract with Premier/T-Force, accumulate

26  citations, and eventually dissolve their business.  See Complaint

27  at ¶¶ 22-24, Notice of Removal Ex. F, ECF No. 1.

28  ///

1                        II.   OPINION

2        A.   Legal Standard

3        Summary judgment is appropriate when the record, read in the

4   light most favorable to the non-moving party, indicates "that

5   there is no genuine dispute as to any material fact and the

6   movant is entitled to judgment as a matter of law."  Fed. R. Civ.

7   P. 56(a).  A genuine dispute of fact exists only if "there is

8   sufficient evidence favoring the nonmoving party for a jury to

9   return a verdict for that party."  Anderson v. Liberty Lobby,

10  Inc., 477 U.S. 242, 249 (1986).  If the nonmoving party fails to

11  make this showing, "the moving party is entitled to judgment as a

12  matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 323

13  (1986).

14       It is not a court's task "to scour the record in search of a

15  genuine issue of triable fact."  Keenan v. Allan, 91 F.3d 1275,

16  1279 (9th Cir. 1996) (internal citation omitted).  Rather, a

17  court is entitled to rely on the nonmoving party to "identify

18  with reasonable particularity the evidence that precludes summary

19  judgment."  See id. (internal citation omitted).  An opponent to

20  summary judgment "must do more than simply show that there is

21  some metaphysical doubt as to the material facts."  Matsushita

22  Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

23       B.   Analysis

24            1.   Evidentiary Objections

25       Defendant objects to Plaintiffs' Evidence filed in Support

26  of Plaintiffs' Opposition to Nationwide's Motion for Summary

27  Judgment, ECF No. 44-2, on the grounds that these declarations

28  contradict deposition testimony and do not meet the Federal Rules

                                4

1    of Evidence.  The Court has reviewed these evidentiary objections

2    but declines to rule on each one individually as courts self-

3    police evidentiary issues on motions for summary judgment and a

4    formal ruling is unnecessary to the determination of this motion.

5    See Grindstone Indian Rancheria v. Olliff, 2021 WL 3077464, at *1

6    (E.D. Cal. July 21, 2021) (citing Sandoval v. Cty. Of San Diego,

7    985 F.3d 657, 665 (9th Cir. Jan. 13, 2021).  Objections are

8    generally unnecessary on summary judgment because they are

9    "duplicative of the summary judgment standard itself" and the

10   "parties briefing summary judgment motions would be better served

11   to 'simply argue' the import of the facts reflected in the

12   evidence rather than expending time and resources compiling

13   laundry lists of objections." Burch v. Regents of the University

14   of California, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006).

15       As the Ninth Circuit has held, "to survive summary judgment,

16   a party does not necessarily have to produce evidence in a form

17   that would be admissible at trial, as long as the party satisfies

18   the requirements of Federal Rules of Civil Procedure 56." Fraser

19   v. Goodale, 342 F.3d 1032, 1036-37 (9th Cir. 2003) (citing Block

20   v. City of L.A., 253 F.3d 410, 418-19 (9th Cir. 2001)).  That

21   being said, "[t]he general rule in the Ninth Circuit is that a

22   party cannot create an issue of fact by an affidavit

23   contradicting his prior deposition testimony." Van Asdale v.

24   Int'l Game Tech., 577 F.3d 989, 998 (9th Cir. 2009).  The

25   statements contained in Exhibit 1, Declaration of Plaintiff

26   Miguel Angel Duron, Jr., are stricken to the extent that they

27   contradict the deposition evidence.  See Williams v. Adams, 2012

28   WL 12842781, at *23 (E.D.  Cal. Nov. 29, 2012), aff'd sub nom.

1    Williams v. Williams, 599 F. App'x 758 (9th Cir. 2015)

2    ("Plaintiff's declaration does not take precedence over his

3    responses in deposition as '[a] party cannot create a genuine

4    issue of material fact to survive summary judgment by

5    contradicting his earlier version of the facts.'"); see also

6    Sanders v. City of Bakersfield, 2005 WL 6267361, at *6 (E.D. Cal.

7    Sept. 30, 2005), on reconsideration in part, 2009 WL 734059 (E.D.

8    Cal. Mar. 17, 2009) ("In dealing with inconsistent testimony, the

9    court must make its judgment by '[t]aking the facts to be as [the

10   non-moving party] first admitted them in his deposition testimony

11   and all the inferences which may be drawn therefrom in the light

12   most favorable to [the non-moving party].'").

13            2.   Causation

14        Defendant's argument forming the basis of its summary

15   judgment motion is that Nationwide did not cause Plaintiffs'

16   injuries because external actions preceding Nationwide's

17   involvement resulted in Plaintiffs' inability to acquire a new

18   MCP.  See Mot. at 6-10.  Defendant argues that Plaintiffs' five

19   causes of action fail because there is no causal relationship

20   between Nationwide and Plaintiffs' injuries.

21        As Defendant correctly argues, causation is an essential

22   element of each of Plaintiff's five claims.  See Land O'Lakes,

23   Inc. v. Dairyamerica, Inc., 2017 WL 495644, at *5 (E.D. Cal. Feb.

24   6, 2017) ("To state a cognizable claim for professional

25   negligence, a plaintiff must allege the following four elements:

26   . . . (iii) a causal connection between the negligent conduct and

27   the resulting injury."); see also Gutierrez v. Girardi, 194 Cal.

28   App. 4th 925, 932 (2011) (A cause of action for breach of

1   fiduciary duty requires damage proximately caused by the breach);

2   Magic Leap, Inc. v. Chi Xu, 2020 WL 3268659, at *7 (N.D. Cal.

3   June 17, 2020) ("Thus, the elements of a constructive fraud claim

4   are . . . reliance and resulting injury (causation)."); Britz

5   Fertilizers, Inc. v. Bayer Corp., 665 F. Supp. 2d 1142, 1167

6   (E.D. Cal. 2009) ("[c]ausation resulting in damage is an

7   essential element of a claim for breach of contract as well as a

8   claim for breach of the implied covenant of good faith and fair

9   dealing."); Colonial Van & Storage, Inc. v. Superior Ct., 76 Cal.

10  App. 5th 487, 506 (2022) (actual and proximate causation are

11  elements of an intentional infliction of emotional distress

12  claim).  Indeed, a "fundamental rule of law is that whether the

13  action be in tort or contract compensatory damages cannot be

14  recovered unless there is a causal connection between the act or

15  omission complained of and the injury sustained."  Britz

16  Fertilizers, Inc., 665 F. Supp. 2d at 1167.  Thus, if the

17  evidence does not demonstrate a causal link, Plaintiffs cannot

18  succeed on any of their claims.

19      Both parties acknowledge that on May 4, 2020, the DMV

20  formally suspended Miggy's Trucking's MCP for failure to obtain

21  the required insurance coverage.  See Jaffe Decl., Ex. D,

22  Anderson Decl. at ¶ 14; Jaffe Decl., Ex. D, Anderson Decl., Ex. 1

23  at DMV_PROD_0056.  Moreover, multiple DMV notices in the record

24  confirm that Miggy's Trucking's MCP would be suspended on May 4,

25  2020.  The DMV's April 28, 2020 Notice of Liability Insurance

26  Cancellation explicitly set forth the requirements that "[t]he

27  new insurance certificate must have an effective date on or

28  before the suspension date" and that a "$150 reinstatement fee

7

1    must be submitted prior to reinstatement" if there is a lapse in

2    coverage.  See Duron Depo. Trans., Ex. 40.  The DMV's May 4, 2020

3    Order of Suspension reiterated these same requirements, namely

4    that MCP reinstatement required insurance with an "effective date

5    on or before 05/04/2020" or in the event of a lapse, that a "$150

6    reinstatement fee must be submitted prior to reinstatement."  See

7    Duron Depo. Trans. at 85:3-21, 86:7-87:9; Duron Depo. Trans., Ex.

8    40; Jaffe Decl., Ex. D, Anderson Decl. at ¶ 14.  The Nationwide

9    insurance policy at issue in this case bears an effective day of

10   May 15, 2020, meaning that Miggy's Trucking ultimately

11   experienced a ten-day lapse in coverage.  See Duron Depo. Trans.,

12   Ex. 26.

13        Plaintiffs argue that the DMV's $150 reinstatement fee was a

14   direct consequence of Nationwide's delay rather than inaction on

15   the Plaintiffs' part, but the undisputed evidence does not

16   support Plaintiffs' version of the facts.  Instead, the evidence

17   shows Miggy's Trucking's MCP suspension preceded the Nationwide

18   policy effective date.  See Duron Depo. Trans. at 88:1-23.  Both

19   Plaintiff Duron and Steven Hill (Plaintiffs' insurance broker)

20   confirmed in their depositions that Nationwide's coverage began

21   only after Miggy's Trucking's MCP expired on May 4, 2020.

22   Plaintiff Duron stated in his deposition that the Nationwide

23   policy bore an effective date of May 15, 2020.  See Duron Depo.

24   Trans., Ex. 26 ["Effective 05/15/20"]; Duron Depo. Trans. at

25   90:8-91:17.  Additionally, Steven Hill confirmed in his

26   deposition that it would be impossible for Nationwide's insurance

27   to have an effective date earlier than May 15, 2020 based on the

28   insurance application and that he had not seen any policy issued

8

1    for Plaintiff Duron "that had an effective date that starts on

2    May 4, 2020." See Jaffe Decl., Ex. B, Deposition Transcript of

3    Steven Hill at 38:12-20, 39:9-15; 37:11-19.

4        As for the $150 reinstatement fee, DMV records indicate that

5    Plaintiff Duron did not pay the statutorily required fee until

6    after August 12, 2021. See Jaffe Decl., Ex. D, Anderson Decl. at

7    ¶ 19; Jaffe Decl., Ex. D, Anderson Decl., Ex. 1, DMV_PROD_0053;

8    Duron Depo. Trans., Ex. 42; Duron Depo. Trans. at 141:2-143:9.

9    Plaintiff Duron stated at his deposition that it was his

10   responsibility to pay the $150 reinstatement fee because he

11   acquired a late policy, and that he has no recollection of ever

12   paying it. See Duron Depo. Trans. at 101:1-14, 92:5-20.

13       Under these established facts, Nationwide cannot be said to

14   have "caused" Plaintiffs' injuries as a matter of law because

15   Miggy's Trucking's MCP was suspended prior to Plaintiff Duron's

16   acquisition of the Nationwide policy and no MCP could be reissued

17   without payment of the $150 fee.  Contrary to Plaintiffs'

18   argument, the internal delays that occurred at Nationwide did not

19   cause Plaintiffs' injuries because the DMV could not reinstate

20   Miggy's Trucking's MCP until after Plaintiff Duron had paid the

21   statutorily required $150 fee.

22       Plaintiffs attempt to create disputes of material fact

23   through their opposition by arguing that Steven Hill

24   "unilaterally cancelled" Plaintiffs' insurance policy when making

25   the switch to Infinity Select Insurance Company and introducing

26   email communications where he appears to concede error, however

27   the actions of Steven Hill and Plaintiffs' prior insurance

28   provider have no bearing on Nationwide's liability.  See Opp'n at

1  3.  Whether or not Steven Hill switched Plaintiffs' insurance is

2  inapposite because Nationwide only became Plaintiffs' insurer

3  once a lapse and suspension had already occurred.  Plaintiffs do

4  not contend that Steven Hill acted on behalf of Nationwide or

5  that he was a principal or agent of the company.  Thus, any

6  events preceding the Nationwide policy effective date of May 15,

7  2020 cannot be ascribed to Nationwide.

8      Accordingly, Defendant is entitled to summary judgment

9  because as a matter of law Nationwide was not the cause of the

10  May 4, 2020 MCP suspension or Plaintiffs' resulting injuries.

11  While Plaintiffs purport to dispute certain facts regarding

12  causation, the undisputed dispositive facts pulled from Plaintiff

13  Duron's own deposition testimony and DMV records plainly

14  demonstrate that any lapse in coverage cannot be attributed to

15  Nationwide and that regardless of Nationwide's processing,

16  Plaintiffs' MCP would remain suspended until Plaintiff Duron

17  complied with DMV requirements and paid the $150 reinstatement

18  fee.  Because no facts supporting causation can be traced to

19  Nationwide, summary judgment is appropriate "since a complete

20  failure of proof concerning an essential element of the nonmoving

21  party's case necessarily renders all other facts immaterial."

22  See Celotex, 477 U.S. at 317.[2]

23                          III. ORDER

24      For the reasons set forth above, Defendant's motion for

25  summary judgment is GRANTED.  The Clerk of the Court is directed

26  _____

27  [2]The Court's Order should not be construed as to have any bearing
   on Steven Hill's or Maffei Insurance & Financial Services'
   potential liability in this case.  Those issues are not before
28  this Court.

                              10

1    to enter judgment in favor of Defendant Nationwide Mutual

2    Insurance Company and CLOSE this action.

3        IT IS SO ORDERED.

4    Dated:  May 14, 2025

5

6                                    _____

7                                    JOHN A. MENDEZ
                                     SENIOR UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28